# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2010

Charles R. Fulbruge III
Clerk

No. 09-20043

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MIGUEL ANGEL GONZALEZ-GUZMAN,
also known as Jose Benito Olive-Gadamuz,
also known as Luis Gutierrez,
also known as Miguel Angel Gonzalez Guzman,
also known as Miguel Angel Guzman,
also known as Miguel Angel Gonzales,
also known as Miguel Angel Gonzalez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY and DENNIS, Circuit Judges, and JORDAN, District Judge.[*]

DANIEL P. JORDAN III, District Judge:

Defendant-Appellant Miguel Angel Gonzalez-Guzman pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court sentenced Gonzalez-Guzman to 84 months of imprisonment, based in part on the assessment of one criminal history point under U.S. Sentencing

[*] District Judge, Southern District of Mississippi, sitting by designation.

No. 09-20043

Guidelines § 4A1.1(e). Gonzalez-Guzman timely appealed his sentence. For the following reasons, we affirm.

Gonzalez-Guzman is a citizen of El Salvador. He was deported in 2002 and returned to the United States illegally in 2008. In May 2008, he was arrested under an alias name in Harris County, Texas, for driving while intoxicated ("DWI") and for failure to stop and give information. During this period of incarceration, Gonzalez-Guzman informed Immigrations and Customs Enforcement ("ICE") agents that he had entered the United States illegally, but he failed to disclose his true identity or his status as a prior deportee, instead claiming to be a citizen and national of Mexico. Gonzalez-Guzman was subsequently convicted of the DWI offense, and he was released on June 29, 2008, to the custody of the Fort Bend County Jail on an outstanding warrant. On July 7, 2008, ICE agents again interviewed Gonzalez-Guzman in Fort Bend County Jail, and he again falsely claimed he was a citizen and national of Mexico.

In August 2008, the Government discovered Gonzalez-Guzman's name and identity as a prior deportee and charged him with illegal reentry after deportation in violation of 8 U.S.C. § 1326. He pleaded guilty and did not object to the presentence report ("PSR"). The district court followed the PSR in assessing one criminal history point pursuant to U.S. Sentencing Guidelines § 4A1.1(e) for committing the instant offense of illegal reentry less than two years following his June 29, 2008 release from imprisonment on the sentence for driving while intoxicated. Gonzalez-Guzman now argues that the § 4A1.1(e) criminal history point was assessed in error because he completed the instant offense of illegal reentry before his imprisonment for the DWI offense.

2

No. 09-20043

We review a sentencing objection that Appellant failed to present to the district court for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). "Plain error" requires the appellant to show an error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). The Court's discretion to correct the error arises only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The contested section of the Sentencing Guidelines calls for an assessment of one or two criminal history points "if the defendant committed the instant offense less than two years after release from imprisonment . . . or while in imprisonment or escape status on [a prior sentence of imprisonment of at least sixty days]." U.S. Sentencing Guidelines Manual § 4A1.1(e). This assessment applies "if the defendant committed any part of the instant offense (i.e., any relevant conduct)" less than two years after release or while in imprisonment or escape status. U.S. Sentencing Guidelines Manual § 4A1.1 cmt. n.5. "Relevant conduct," in turn, includes "all acts and omissions . . . that occurred . . . in the course of attempting to avoid detection or responsibility for [the] offense." U.S. Sentencing Guidelines Manual § 1B1.3(a).

During the July 7, 2008 interview with ICE agents, Gonzalez-Guzman concealed his true identity. This constitutes relevant conduct that occurred within two years after his release from prison on June 29, 2008. It thus appears that the district court's application of the § 4A1.1(e) criminal history point was not in error, and certainly was not plain error. Accordingly, the judgment of the district court is

AFFIRMED.

No. 09-20043