# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 1, 2010

No. 10-50049
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

INMER VELASQUEZ, also known as Israel Ramirez-Suarez, also known as Inmer Zuniga Velasquez, also known as Inmer Zuniga, also known as Zuniga Velasquez, also known as Israel Suarez Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-444-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Inmer Velasquez appeals the 57-month sentence imposed in connection with his guilty plea conviction for illegal reentry. He argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and that he should have been sentenced below the guidelines range. Velasquez argues that his benign motives for reentry support a sentence below the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range. He also argues that the illegal reentry guideline's emphasis on criminal history and lack of empirical grounding led to an unreasonable sentence.

In reviewing a sentence, we normally "consider[] the 'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Because Velasquez did not object to his sentence as unreasonable after it was pronounced by the district court, our review is limited to review for plain error. *See United States v. Anderson*, 559 F.3d 348, 358 (5th Cir.), *cert. denied*, 129 S. Ct. 2814 (2009). A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *United States v. Gonzalez-Guzman*, 597 F.3d 695, 696 (5th Cir. 2010). When those elements are shown, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

We are not persuaded that the illegal reentry guideline's emphasis on a defendant's criminal history and lack of empirical grounding necessarily renders a sentence computed under that guideline unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Velasquez's personal history and characteristics, including his motives for reentering the United States, are insufficient to rebut the presumption of reasonableness. *See Gomez-Herrera*, 523 F.3d at 565-66. Velasquez has not demonstrated that the district court's imposition of a 57-month sentence, a sentence at the top of the properly calculated guidelines range, was plain error.

The judgment of the district court is AFFIRMED.