# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2012

No. 11-20140
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESTEBAN HERNANDEZ-FLORES, also known as Esteban Flores Hernandez, also known as Esteban Hernandez Flores,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-550-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Esteban Hernandez-Flores pleaded guilty to one count of unlawful reentry of a deported alien following an aggravated felony conviction and was sentenced to 71 months in prison.  On appeal, Hernandez-Flores challenges his sentence, insisting that the district court erred in assessing two criminal history points under U.S.S.G. § 4A1.1(d) based on his commission of the instant offense while under a criminal justice sentence of parole.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20140

Our review of sentences for reasonableness is a two-step process. We look first to whether the district court committed any significant procedural error; if not, we then review the sentence for substantive reasonableness. *See Gall v. United States,* 552 U.S. 38, 51 (2007). Hernandez-Flores's challenge to the calculation of his criminal history score implicates the first or procedural-error prong of our two-step review. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009). We review the district court's interpretation and application of the Guidelines de novo, and its findings of fact for clear error. *See United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008).

Factual findings under the Guidelines must be based on reliable information and the government has the burden of proving facts that enhance a sentence by a preponderance of the evidence. *United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008). The presentence report (PSR) is generally sufficiently reliable evidence for factfinding under the Guidelines, and the district court may adopt it without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence. *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

For the first time on appeal, Hernandez-Flores contends that there was no evidence to support a finding that he was still subject to parole on October 31, 2005. We review a sentencing objection that was not presented to the district court for plain error. *United States v. Gonzalez-Guzman*, 597 F.3d 695, 696 (5th Cir. 2010). The PSR stated that Hernandez-Flores was subject to parole related to his Texas controlled-substance conviction until October 31, 2005, and that the information in the PSR was based on the investigative files of the United States Attorney and Immigration and Customs Enforcement (ICE). Hernandez-Flores did not object to this portion of the PSR, did not raise an issue regarding the fact of parole at his sentencing, and presented no evidence to refute it. Hernandez-Flores has not established plain error because the district court was entitled to

2

rely on the information in the PSR for purposes of calculating his criminal history score. *See Caldwell*, 448 F.3d at 290.

Hernandez-Flores also asserts that there was no evidence to support a finding that he committed the offense of reentry by returning to the United States prior to August 26, 2009, the date on which he was found in the United States. Being found in the United States illegally is a continuing offense that commences when a defendant reenters the United States and continues until the defendant is found. *United States v. Santana-Castellano,* 74 F.3d 593, 598 (5th Cir. 1996). Hernandez-Flores told ICE agents that he returned to this country in 2005 and told the probation officer that he returned in 2003. Based on all of the information presented, the district court made a specific finding that Hernandez-Flores returned to the United States in 2003. As this finding is plausible in light of the record as a whole, Hernandez-Flores has not shown that it is clearly erroneous. *See United States v. Villegas*, 404 F.3d 355, 361-62 (5th Cir. 2005).

Finally, Hernandez-Flores claims that his counsel provided ineffective assistance. He did not raise this claim in the district court, however, and the district court did not hear any evidence related to it. The record is not sufficiently developed for us to consider the claim of ineffective assistance of counsel, so we deny it without prejudice to Hernandez-Flores's right to raise it in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006); *United States v. Kizzee*, 150 F.3d 497, 502-03 (5th Cir. 1998).

AFFIRMED.